## In re GRAND JURY PROCEEDINGS.

### Appeal of David MORGANSTERN and Fred Morganstern.

### No. 84–5235.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 9, 1984.

Decided Nov. 14, 1984.

Shelby C. Kinkead, Jr. (argued), Bulleit, Kinkead, Irvin & Reinhardt, Lexington, Ky., for appellant.

Louis De Falaise, U.S. Atty., Barbara Edelman, Asst. U.S. Atty. (argued), Lexington, Ky., for appellee.

Before MARTIN and JONES, Circuit Judges, and BALLANTINE, District Judge.[*]

PER CURIAM.

This case is before this Court upon appellants' appeal from an order of the district court, which denied their motions to quash a subpoena duces tecum and to stay grand jury proceedings. Appellants, David Morganstern and Fred Morganstern, contend that under *United States v. Doe,* —— U.S. ——, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984), compelled production of corporate and partnership records would violate their Fifth Amendment rights against self-incrimination. Upon consideration of the issue presented by this appeal we deny enforcement of the subpoena, reverse the district court's order, and remand the matter to the district court.

---

* Honorable Thomas A. Ballantine, Jr., United States District Court for the Western District of Kentucky, sitting by designation.

The facts of this case are not disputed. Appellants' attorney, Shelby Kinkead, was served with a subpoena duces tecum on January 11, 1984. That subpoena required the production of partnership and corporation records on January 17, 1984. On January 13, 1984, appellants moved to quash the subpoena, or, in the alternative, for a protective order. After a hearing on January 17, 1984, appellants' motion to quash, which was based upon three grounds (attorney-client privilege, Fifth Amendment privilege against self-incrimination, and insufficient time to review), was denied by the district court through an order dated January 19, 1984. That order also granted appellants time to comply with appellee's requests—either sixty days or until the next grand jury meeting on March 20, 1984.

On March 14, 1984 appellants, again, moved to quash the subpoena duces tecum and also to stay the grand jury proceedings. This second motion to quash was based upon one ground: production of the records would violate appellants' Fifth Amendment rights against self-incrimination as explained in *United States v. Doe,* — U.S. —, 104 S.Ct. 1237, 79 L.Ed.2d 552.[1] After a hearing on March 16, 1984, and in an order dated March 19, 1984, the district court denied appellants' motions to quash and to stay. On March 20, 1984, however, this Court granted appellants' motion for a stay pending appeal.

In pertinent part, the Fifth Amendment states "[n]o person ... shall be *compelled* in any criminal case to be a witness *against himself.*" U.S. Const. Amend. V (emphasis added). The most recent case interpreting that amendment as it applies to a subpoena duces tecum is *United States v. Doe,* — U.S. —, 104 S.Ct. 1237, 79 L.Ed.2d 552. In *Doe,* the respondent, the owner of several sole proprietorships, was served with five subpoenas during the course of a grand jury investigation. Respondent sought to quash the subpoenas. The district court granted respondent's mo-

tion to quash, except with respect to records legally required to be kept by or revealed to a public agency, for example, tax returns and W–2 forms. The court of appeals affirmed the district court while the Supreme Court affirmed in part and reversed in part.

In reversing, the Court held that the contents of business records were not privileged, because their creation was voluntary. — U.S. at — – —, 104 S.Ct. at 1241–42, 79 L.Ed.2d at 558–59. Before stating that holding, however, the Court affirmatively noted and restated the language of *Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). With regard to the notation, the Court said: "[a]s we noted in *Fisher,* the Fifth Amendment only protects the person asserting the privilege from *compelled* self-incrimination. *Id.,* — at —, 104 S.Ct. at 1241, 79 L.Ed.2d at 559 (citing to *Fisher,* 425 U.S. at 396, 96 S.Ct. at 1573) (emphasis in original). With regard to its restatement, the Court said: "[a subpoena duces tecum] 'does not compel oral testimony; nor would it ordinarily compel ... [a restatement, repetition, or affirmation of] the truth of the contents of the documents sought.'" *Id.,* — at —, 104 S.Ct. at 1241, 79 L.Ed.2d at 559 (quoting *Fisher,* 425 U.S. at 409, 96 S.Ct. at 1580).

In affirmation, the Court held that the act of producing the records was privileged, because the act of production involves a risk of "'substantial and real'" testimonial self-incrimination. *Id.,* — at —, 104 S.Ct. at 1243 n. 13, 79 L.Ed.2d at 561 n. 13. Before stating that holding, however, the Court recognized that the act of production could require Fifth Amendment protection, even when the content of the records does not. *Id.* at —, 104 S.Ct. at 1242, 79 L.Ed.2d at 560. The Court's rationale was that a subpoena duces tecum compels the record holder to perform an act which may have testimonial aspects and incriminating effects, *id.* at —, 104 S.Ct. at 1242, 79 L.Ed.2d at 560, because compli-

---

**1.** *Doe* was decided by the Supreme Court before the expiration of either of the alternative times

given by the district court's January 19, 1984 order.

ance with the subpoena is equivalent to the following tacit admissions: (1) existence of the records demanded; (2) the holder's possession or control over the records demanded; and, (3) the holder's belief that those are the records described in the subpoena. *Id.* at ——, 104 S.Ct. at 1242, 79 L.Ed.2d at 560 (quoting *Fisher*, 425 U.S. at 410, 96 S.Ct. at 1581).

In the instant case appellants' compelled production would require those same tacit admissions. Appellants, however, have not been given immunity from the testimonial self-incrimination arising from those admissions. Their risk of testimonial self-incrimination, therefore, is both "substantial and real." If on remand they are given immunity, then their risk of testimonial self-incrimination would not be both "substantial and real." Consequently, now the subpoena must be quashed.

For the foregoing reasons we REVERSE the district court's order and REMAND the matter to the district court for further proceedings in accordance with this decision.