*In re* GRAND JURY SUBPOENA *DUCES TECUM* NO. 001144 (The People of the State of Illinois, Plaintiff-Appellee, v. John E. Shumaker *et al.*, Defendants-Appellants and Contemnors).

Second District No. 2—87—0185

Opinion filed December 30, 1987.

Serpico, Novelle, Dvorak & Navigato, of Chicago (Robert A. Novelle, of counsel), for appellants.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, John Kinsella, and John T. Elsner, Assistant State's Attorneys, and William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendants, Shumaker & Associates, Inc., and John E. Shumaker, appeal from an order of the circuit court of Du Page County holding defendants in contempt for failing to produce documents sought by a grand jury subpoena *duces tecum*. Defendants challenge the act of

producing the documents sought by the subpoena as testimonial and a violation of Shumaker's fifth amendment protection against self-incrimination. We affirm.

Defendant John E. Shumaker (Shumaker) is the president and sole stockholder of Shumaker & Associates, Inc. Defendant Shumaker & Associates, Inc. (corporation), is an Illinois corporation, the sole business of which is to service water mains by flushing, chlorinating, and collecting samples for water purity tests. Collected water samples are taken to a laboratory, where the water purity is tested and verified. After the laboratory verifies that the sample contains the proper water purity, the results are sent to the Environmental Protection Agency for issuance of water main connection permits. The corporation performs this service for independent contractors and real estate developers.

Sometime prior to January 13, 1987, Shumaker became the target of a grand jury probe investigating his participation in the falsification of laboratory reports used to secure water main connection permits. The Du Page County State's Attorney obtained a subpoena *duces tecum* summoning "John E. Shumaker, President" to appear before the grand jury and produce corporate records pertaining to the chlorinating and sanitizing activities of the corporation. Shumaker was served with that subpoena on January 13, 1987.

On January 21, 1987, Shumaker appeared before the grand jury on behalf of the corporation, but did not produce the records requested by the subpoena. In response to questions directed to him regarding his connection to the corporation and corporate records, Shumaker invoked his fifth amendment privilege against self-incrimination. That same day, the corporation filed a motion to quash the subpoena on the ground that it was too broad. The State responded by agreeing to limit the production to certain specified records. At the subsequent hearing, defendants stated that they had no objection to producing some of the documents, but objected to producing others on broadness grounds. Defendants also raised the issue of whether requiring production of the documents would violate Shumaker's fifth amendment protection against self-incrimination. Defendants stated that Shumaker was the target of the grand jury investigation and had previously appeared and invoked his fifth amendment privilege. Defendants argued that Shumaker's act of producing the corporate documents which were the subject matter of the offense for which he was under investigation would incriminate him personally, since by doing so he would be admitting their existence, authentication, and his possession of them. The court set a briefing schedule on

both the broadness and fifth amendment issues and continued the case for hearing on the motion to quash.

On February 26, 1987, the parties again appeared for hearing. At this hearing, defendants expressly abandoned their attack of the subpoena on broadness grounds and relied instead on their fifth amendment challenge. The court found that Shumaker's act of producing the records would not violate his fifth amendment rights since the records were owned by the corporation. The court then ordered Shumaker to deliver the requested records to the grand jury. Shumaker indicated his refusal to comply, and the court held him in contempt. The State then asked the court to require the corporation to appoint a custodian for the purpose of producing the requested records. The corporation, through Shumaker, refused to appoint a custodian on the basis that to do so would be tantamount to committing the same testimonial act. The court then held the corporation in contempt.

Following the hearing, the court entered its order denying defendants' motion to quash the subpoena *duces tecum* and finding both defendants in contempt. Shumaker, held in contempt for failing to produce the corporation's records, was fined $100 per day until production. The corporation, held in contempt for refusing to appoint a custodian to produce the records, was fined $50 per day until production. The order was stayed pending this appeal.

There are two issues on appeal. Namely, whether a corporate officer targeted for investigation by a grand jury may assert his fifth amendment protection against self-incrimination by refusing to produce corporate records pursuant to a subpoena *duces tecum* on the ground that the mere act of production would be testimonial. If so, whether requiring the corporation to appoint someone to produce the corporate records would have the same testimonial effect as requiring production from the individual under investigation.

This case presents the court with the task of determining whether the "act of production" doctrine, conceived in *Fisher v. United States* (1976), 425 U.S. 391, 48 L. Ed. 2d 39, 96 S. Ct. 1569, and reaffirmed in *United States v. Doe* (1984), 465 U.S. 605, 79 L. Ed. 2d 552, 104 S. Ct. 1237, applies to the officer and sole shareholder of a corporation who refuses to produce corporate documents pursuant to a grand jury subpoena *duces tecum*. The "act of production" doctrine permits an individual to assert his fifth amendment privilege against self-incrimination and refuse to produce subpoenaed documents where the mere act of production, rather than the content of the documents, has testimonial ramifications. (*Fisher*, 425 U.S. at 410, 48 L. Ed. 2d at 56, 96 S. Ct. at 1581.) The *Fisher* court stated

that the act of producing records in response to a subpoena has communicative aspects aside from the contents of the records such that compliance with the subpoena concedes the existence of the records demanded, the producer's possession and control over them, and the producer's belief that the records produced are those described in the subpoena. 425 U.S. at 410, 48 L. Ed. 2d at 56, 96 'S. Ct. at 1581.

The "act of production" doctrine was revisited by the Court in *United States v. Doe* (1984), 465 U.S. 605, 79 L. Ed. 2d 552, 104 S. Ct. 1237. In *Doe*, the owner of a sole proprietorship was served with subpoenas demanding production of certain of his business records. (465 U.S. at 606-07, 79 L. Ed. 2d at 556-57, 104 S. Ct. at 1239.) The district court made a factual determination that the proprietor's act of producing the business records would involve testimonial self-incrimination. (465 U.S. at 613, 79 L. Ed. 2d at 560, 104 S. Ct. at 1242.) The court of appeals affirmed, and the United States Supreme Court, declining to reverse that finding, affirmed the lower court decisions allowing the proprietor to invoke his privilege against self-incrimination under the "act of production" doctrine and refuse to produce documents belonging to his business. 465 U.S. at 613-14, 79 L. Ed. 2d at 560-61, 104 S. Ct. at 1242-43.

■ In the instant action, defendants ask this court to extend the application of the "act of production" doctrine to corporate officers and shareholders from whom corporate documents are sought. However, such an application appears to be foreclosed by the "collective entity" rule expressed in *Bellis v. United States* (1974), 417 U.S. 85, 40 L. Ed. 2d 678, 94 S. Ct. 2179. In *Bellis*, the issue before the Court was whether the partner of a small law firm was entitled to invoke his personal privilege against self-incrimination to justify his refusal to comply with a subpoena requiring production of the partnership's financial records. (417 U.S. at 85, 40 L. Ed. 2d at 682, 94 S. Ct. at 2181.) The district court ordered Bellis to produce the records, and the court of appeals affirmed, noting that the privilege against self-incrimination did not apply to " 'records of an entity such as a partnership which has a recognizable juridical existence apart from its members.' " (417 U.S. at 86-87, 40 L. Ed. 2d at 682-83, 94 S. Ct. at 2182.) The Supreme Court similarly affirmed, referring to a long line of cases providing that an individual cannot rely on the privilege against self-incrimination to avoid producing the records of a collective entity which are in his possession in a representative capacity, even if the content of those records might incriminate him personally. (417 U.S. at 88, 40 L. Ed. 2d at 683, 94 S. Ct. at 2183.) The Court defined a "collective entity" for the purpose of limiting the applica-

tion of the fifth amendment, stating:

> "This analysis presupposes the existence of an organization which is recognized as an independent entity apart from its individual members. The group must be relatively well organized and structured and not merely a loose, informal association of individuals. It must maintain a distinct set of organizational records, and recognize rights in its members of control and access to them. And the records subpoenaed must in fact be organizational records held in a representative capacity. In other words, it must be fair to say that the records demanded are the records of the organization rather than those of the individual \*\*\*." (417 U.S. at 92-93, 40 L. Ed. 2d at 686, 94 S. Ct. at 2185.)

This rule has similarly been applied in Illinois. See *People ex rel. Scott v. Pintozzi* (1971), 50 Ill. 2d 115, 125 (corporate records held by a corporate officer cannot be the subject of the personal privilege against self-incrimination even though production of the records would incriminate him personally); *People v. Lynch* (1980), 83 Ill. App. 3d 479, 485 (privilege against self-incrimination is not available to defendant who holds partnership records in a representative capacity).

■ However, because the focus in *Bellis* was on the content of the records rather than the communicative aspects of merely producing them, and since *Bellis* was decided prior to the creation of the "act of production" doctrine, an issue arises with respect to the effect that doctrine has on a corporate officer asked to produce corporate records. The United States Supreme Court has not addressed this issue. The Federal circuits have split. Those reading *Bellis* narrowly as settling only the question of whether a custodian has a fifth amendment privilege in the *contents* of records belonging to a collective entity have allowed the custodian to invoke the fifth amendment under the "act of production" doctrine. (See *In re Grand Jury No. 86—3 (Will Roberts Corp.)* (11th Cir. 1987), 816 F.2d 569, 573; *United States v. Lang* (4th Cir. 1986), 792 F.2d 1235, 1240-41, *cert. denied* (1986), 479 U.S. 985, 93 L. Ed. 2d 578, 107 S. Ct. 574; *In re Two Grand Jury Subpoenae Duces Tecum, One Dated January 28, 1985, the Other Undated* (2d Cir. 1985), 769 F.2d 52, 57; *In re Grand Jury Matter (Brown)* (3d Cir. 1985), 768 F.2d 525, 528 (*en banc*).) Other circuits have refused to extend the "act of production" doctrine to the custodian of records belonging to a collective entity. (See *In re Grand Jury Subpoena (85—W—71—5)* (8th Cir. 1986), 784 F.2d 857, 861, *cert. dismissed* (1987), 479 U.S. 811, 93 L. Ed. 2d 865, 107 S. Ct. 918; *In re Grand Jury Proceedings (Morganstern)* (6th Cir. 1985), 771 F.2d 143,

148 (*en banc*), *cert. denied* (1985), 474 U.S. 1033, 88 L. Ed. 2d 574, 106 S. Ct. 594; *In re Grand Jury Subpoena (Lincoln)* (5th Cir. 1985), 767 F.2d 1130, 1131; *In re Grand Jury Proceedings (Vargas)* (10th Cir. 1984), 727 F.2d 941, 945, *cert. denied* (1984), 469 U.S. 819, 83 L. Ed. 2d 37, 105 S. Ct. 90.) Although the United States Court of Appeals for the Seventh Circuit has not addressed this issue, several Federal courts within this circuit have refused to extend the "act of production" doctrine to custodians of records belonging to collective entities. (See *In re 25 Grand Jury Subpoenas Dated October 21, October 22, and December 3, 1986* (N.D. Ind. 1987), 654 F. Supp. 647, 652; *Pacific Mutual Life Insurance Co. v. American National Bank & Trust Co.* (N.D. Ill. 1986), 649 F. Supp. 281, 287.) The only Illinois State court which has considered the "act of production" doctrine did so with respect to the records of a sole proprietorship. (See *In re January 1986 Grand Jury No. 217* (1987), 155 Ill. App. 3d 445, 450 (recognizing that requiring the owner of a sole proprietorship to produce documents belonging to his business would constitute testimonial self-incrimination); see also *United States v. Porter* (7th Cir. 1983), 711 F.2d 1397, 1401-02 ("act of production" doctrine applied to protect against production of documents belonging to a sole proprietorship).) Other State courts, like the Federal circuits, have similarly split on this issue. (See *State v. Wellington Precious Metals, Inc.* (Fla. App. 1986), 487 So. 2d 326, 327-28 (holding that absent a grant of use immunity, a corporate record custodian may not be compelled to produce corporate documents pursuant to subpoena *duces tecum* if the act of production would be communicative and incriminating). But see *Pratt v. Kirkpatrick* (Alaska 1986), 718 P.2d 962, 968; *Paramount Pictures Corp. v. Miskinis* (1984), 418 Mich. 708, 730-31, 344 N.W.2d 788, 798; *In re Grand Jury Subpoena Duces Tecum Dated December 14, 1984 v. Kuriansky* (1987), 69 N.Y.2d 232, 242, 505 N.E.2d 925, 930, 513 N.Y.S.2d 359, 365; *State v. Kielisch* (1985), 123 Wis. 2d 125, 128-29, 365 N.W.2d 904, 906.) For the following reasons, we decline defendants' invitation to extend the "act of production" doctrine to records belonging to a collective entity such as the corporation in this case.

Defendants rely on and quote heavily from *In re Grand Jury Matter (Brown)* (3d Cir. 1985), 768 F.2d 525 (*en banc*), urging this court to "adopt the *Brown* rationale as the Illinois position on the issue." In *Brown*, as in the instant case, the sole owner of a corporation was targeted by the grand jury for investigation and was served with a subpoena *duces tecum* seeking the production of corporate records. (768 F.2d at 526.) Brown appealed a contempt citation for failing to produce those records, claiming that his act of production would

authenticate the records and amounted to testimonial self-incrimination. (768 F.2d at 526.) The government contended, as does the State here, that under *Bellis*, the custodian of records belonging to a corporation may not invoke the fifth amendment to refuse production of corporate documents even if production would be incriminating. (768 F.2d at 528 & n.2.) The court disagreed, finding that *Bellis* stood only for the proposition that the custodian of collective entity documents had no fifth amendment privilege with respect to the incriminating *contents* of those documents. (768 F.2d at 528 n.2.) Recognizing the continuing validity of the *Bellis* rule on those narrow grounds, the *Brown* court stated that the significant factor for purposes of invoking the fifth amendment was "neither the nature of the entity which owns documents, nor the contents of documents, but rather the communicative or noncommunicative nature of the arguably incriminating disclosures sought to be compelled." (768 F.2d at 528.) Thus, the *Brown* court concluded that where a subpoena requires a party to produce documents, and such production is testimonial, that act cannot be compelled regardless of who owns the documents. 768 F.2d at 528.

In a separate concurring opinion, Judge Becker disagreed with the majority's analysis, but concurred with the result solely on the basis of the subpoena's wording, characterizing it as "an interrogatory that asks Brown, 'Did you prepare the documents?' " (768 F.2d at 531.) With respect to the majority analysis, Judge Becker stated:

> "To the extent that mere production of the documents in compliance with a subpoena would result in an implicit admission that they are authentic corporate documents under the control of the custodian, however, the cases make clear that the custodian is not protected by the fifth amendment. [Citations.] The rationale behind this distinction is that the custodian should not be able to shield the collective entity, which has no fifth amendment privilege, from governmental scrutiny by asserting a personal right. *Thus, the custodian is deemed to have waived his privilege with respect to any testimonial incrimination inherent in the act of production by acceptance of his corporate position.*" (Emphasis added.) (768 F.2d at 530.)

Clearly, Judge Becker intended that the custodian of corporate records not be permitted to assert a fifth amendment privilege to avoid producing corporate documents.

Curiously, even Federal circuits following the majority lead in *Brown* allowing a custodian to invoke the "act of production" doctrine to prevent his personal production of corporate documents have

nonetheless adopted Judge Becker's approach by holding that the corporation is still obligated to produce its records. (See *In re Grand Jury No. 86—3 (Will Roberts Corp.)* (11th Cir. 1987), 816 F.2d 569, 572; *United States v. Lang* (4th Cir. 1986), 792 F.2d 1235, 1240-41, *cert. denied* (1986), 479 U.S. 985, 93 L. Ed. 2d 578, 107 S. Ct. 574; *In re Two Grand Jury Subpoenae Duces Tecum, One Dated January 28, 1985, the Other Undated* (2d Cir. 1985), 769 F.2d 52, 57.) For example, in *Will Roberts Corp.*, the court stated that "although, in certain instances, an individual acting as record custodian can assert his personal privilege to avoid having to produce the documents himself, no situation exists in which the corporation is prevented from producing corporate records." (816 F.2d at 570.) In that case, the court affirmed a contempt citation against the sole shareholder of a one-man corporation who failed to produce the records of his corporation pursuant to a subpoena, rejecting the *Brown* court's conclusion that neither the nature of the entity which owns the documents nor the contents of the documents are critical. (816 F.2d at 572.) The court stated instead that while the custodian retains his fifth amendment privilege which extends to both incriminating oral testimony and the incriminating act of production, the incorporator's voluntary election to take on the corporate form carries with it an intrinsic awareness that the contents of corporate records are never privileged. (816 F.2d at 572.) The court went on to hold that the custodian, in his representative capacity for the corporation, must appoint someone to produce the records for the corporation, which is not shielded by the fifth amendment. 816 F.2d at 574. See also *In re Two Grand Jury Subpoenae Duces Tecum, One Dated January 28, 1985, the Other Undated* (2d Cir. 1985), 769 F.2d 52, 57 (corporation must produce records through third party where corporate employee's act of production would incriminate the employee; there is no situation where fifth amendment would prevent a corporation from producing corporate records because corporation itself has no fifth amendment privilege).

Despite this hybrid approach taken by some of the Federal circuits, Judge Becker's conclusions in *Brown* appear to be the better view of the law as stated and intended by the United States Supreme Court. In fashioning the "act of production" doctrine, the *Fisher* Court expressly took note of the *Bellis* line of cases holding that the custodian of corporate, union, or partnership records must produce those records pursuant to a subpoena even though doing so would involve a " 'representation that the documents produced are those demanded by the subpoena.' " (*Fisher v. United States* (1976), 425 U.S. 391, 413, 48 L. Ed. 2d 39, 57, 96 S. Ct. 1569, 1582, quoting *Curcio v.*

*United States* (1957), 354 U.S. 118, 125, 1 L. Ed. 2d 1225, 1231, 77 S. Ct. 1145, 1150.) In such a case, compliance with the subpoena is required even though the records have been kept by the person subpoenaed and *his producing them would be sufficient authentication to permit their introduction against him. (Fisher*, 425 U.S. at 413 n.14, 48 L. Ed. 2d at 58 n.14, 96 S. Ct. at 1582 n.14.) In fact, the *Fisher* court stated that "neither a partnership nor *the individual partners* are shielded from compelled production of partnership records on self-incrimination grounds." (Emphasis added.) 425 U.S. at 408, 48 L. Ed. 2d at 54, 96 S. Ct. at 1580.

When the Court revisited the "act of production" doctrine in *Doe*, it similarly recognized the continued validity of *Bellis*, stating, without comment, that the appeals court in *Doe* "not[ed] that an individual may not assert the Fifth Amendment privilege on behalf of a corporation, partnership, or other collective entity." *(United States v. Doe* (1984), 465 U.S. 605, 608, 79 L. Ed. 2d 552, 557, 104 S. Ct. 1237, 1240.) Furthermore, Justice Powell narrowly framed the issue before the Court in that case as "whether, and to what extent, the Fifth Amendment privilege against self-incrimination applies to the business records of a *sole proprietorship.*" (Emphasis added.) 465 U.S. at 606, 79 L. Ed. 2d at 556, 104 S. Ct. at 1239.

Neither *Fisher* nor *Doe* contains language which expressly or implicitly renders the *Bellis* distinction obsolete. Thus, while both of these cases shifted the emphasis from the content of the documents to the testimonial act of production, it is clear that the Court did not abandon the "collective entity" rule. We similarly recognize the continued validity of *Bellis* and the "collective entity" rule despite the creation of the "act of production" doctrine. As stated by the United States Court of Appeals for the Sixth Circuit:

"It is a truism that the privilege against compulsory self-incrimination is a personal one. No collective entity may claim it. *Since collective entities can act only through officers and agents, the effect of permitting custodians of partnership and corporate records to avoid production of such records in reliance on the Fifth Amendment would be to extend the privilege against self-incrimination to the collective entities.* The custodian of corporate or partnership records acts only in a representative capacity, not as an individual, and production of the records is not a testimonial act of the custodian. Production of the records communicates nothing more than the fact that the one producing them is a representative of the corporation or partnership." (Emphasis added.) *(In re Grand Jury Proceed-*

*ings (Morganstern)* (6th Cir. 1985), 771 F.2d 143, 148 (*en banc*), cert. *denied* (1985), 474 U.S. 1033, 88 L. Ed. 2d 574, 106 S. Ct. 594.)
This position has similarly been followed by Federal courts within our own circuit. (See *In re 25 Grand Jury Subpoenas Dated October 21, October 22, and December 3, 1986* (N.D. Ind. 1987), 654 F. Supp. 647, 652 (where an individual merely holds documents of a partnership in a representative capacity, production of those documents is not a testimonial act of the custodian); *Pacific Mutual Life Insurance Co. v. American National Bank & Trust Co.* (N.D. Ill. 1986), 649 F. Supp. 281, 287 (since an artificial entity can act only through an individual, recognition of a privilege with respect to organizational records would undermine the legitimate governmental regulation of such an organization).) Extending the "act of production" doctrine to individual officers or agents who possess business documents in their representative capacities would effectively result in a collective entity privilege. (*Pacific Mutual Life Insurance Co.*, 649 F. Supp. at 287.) As was stated by the Michigan Supreme Court, a custodian of records who has "shielded himself from civil liability behind the veil of the corporate and partnership entities, cannot now lift the veil to gain the benefit of using his personal privilege to conceal business records." *Paramount Pictures Corp. v. Miskinis* (1984), 418 Mich. 708, 729, 344 N.W.2d 788, 798.

■ Therefore, in accordance with the law as expressed by the United States Supreme Court and applied by those courts recognizing the continued validity of the "collective entity" rule in light of the "act of production" doctrine, we hold that a corporate officer may not invoke the "act of production" doctrine to avoid producing corporate documents. In light of the disposition reached above, we need not address the second issue raised in this appeal. The judgment of the circuit court of Du Page County holding both defendants in contempt is affirmed.

Affirmed.

LINDBERG, P.J., and UNVERZAGT, J., concur.