**In re GRAND JURY EMPANELLED 3–23–83.**

**No. 85–5018.**

United States Court of Appeals, Third Circuit.

Argued Sept. 9, 1985.

Decided Sept. 23, 1985.

As Amended Oct. 2, 1985.

Donald J. Fay (argued), Michael M. Milner, Asst. U.S. Attys., Newark, N.J., for appellee.

James A. Plaisted (argued), Walder, Sondak, Berkeley & Brogan, Roseland, N.J., for appellant.

Before SEITZ, BECKER, and ROSENN, Circuit Judges.

## OPINION OF THE COURT
PER CURIAM.

This is an appeal under 28 U.S.C. § 1291 of an order holding appellant in civil contempt pursuant to 28 U.S.C. § 1826 for disobeying an order of the district court requiring him to obey a subpoena duces tecum issued by a federal grand jury.

The material facts are undisputed. Since appellant raises only a legal issue, the standard of review is plenary.

A United States grand jury sitting in Newark, New Jersey, has been conducting an investigation into possible violations of 18 U.S.C. Section 371 (conspiracy), 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. Section 1343 (wire fraud). This investigation relates to an alleged conspiracy by medical practitioners and members and employees of the law firm of Klitzman, Klitzman and Gallagher ("Klitzman") to defraud insurance companies by submitting false medical treatment reports in support of insurance claims.

During the course of this investigation appellant was served with a grand jury subpoena which required that he appear before the grand jury on June 6, 1984 and produce the following records:

books, records and other documents which are patient files of patients represented by the law firm of Klitzman, Klitzman and Gallagher, any and all correspondence, notes memoranda and other documents relating to these patients, appointment books and logs, and all records

pertaining to bank accounts of appellant d/b/a Middletown Chiropractic Group.

Witness filed a motion to quash and/or modify the subpoena. At the hearing on the motion the government limited the production sought by the subpoena to inactive patient files of Klitzman's clients that were prepared after the Middletown Chiropractic Group was incorporated in 1980. Appellant did not challenge the fact that only corporate records were involved and that he had custody of them. The district court denied the motion and ordered appellant to produce the records personally. When he failed to do so he was held in contempt and this appeal followed.

The sole legal issue raised by appellant is whether the court order directing him, over objection, personally to produce the corporate records before the grand jury violates his privilege against self-incrimination.[1] The government responds that the subpoenaed custodian of corporate records has no fifth amendment right to refuse to produce them personally.

After the district court's determination in this case, this court sitting in banc, decided *In Re: Grand Jury Matter, James Gilbert Brown*, July 23, 1985, 768 F.2d 525 (3rd Cir.). The court decided in *Brown* that a subpoenaed witness who is custodian of corporate records cannot, after an appropriate fifth amendment challenge, be held in contempt for refusing to authenticate such documents by producing them personally in the absence of a finding that there is no likelihood of self-incrimination or a grant of use immunity.

The government contends that *Brown* is distinguishable. It relies on a difference in the wording of the command of the subpoena in *Brown* with that in the present subpoena. It also relies on Judge Becker's discussion in his concurring opinion in *Brown* as an example of incriminating testimonial behavior which is absent here. Appellant responds that *Brown* controls and that the difference in the language of the subpoenas does not make a difference in

---

1. No attack is being made here on the sufficiency of the *Schofield* affidavit.

view of the scope of the majority opinion in *Brown*.

Even a cursory reading of the opinion of the court in *Brown* shows that the result here cannot rest on the difference in the wording of the commands of the two subpoenas. Thus, whatever the merit of Judge Becker's concurrence, it is not controlling Third Circuit law in the present context. *Brown* rests on the broader proposition that a custodian of corporate records who is subpoenaed to produce them cannot be held in contempt for failure to do so if he demonstrates that such production would in fact tend to incriminate him. Thus, *Brown* is controlling here.

The order of the district court will be reversed subject to a showing in the district court, if the matter is raised, that the act of production or testimony authenticating the records of the corporation would not, in fact, tend to incriminate appellant.