UNITED STATES of America and Scott R. Hammond, Special Agent, Internal Revenue Service, Appellees,

v.

ROGERS TRANSPORTATION, INC., Appellant.

No. 86–5311.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 16, 1986.

Decided June 20, 1986.

Justin P. Walder, John A. Brogan, Walder, Sondak, Berkeley & Brogan, P.A., Roseland, N.J., for appellant.

Thomas W. Greelish, U.S. Atty., Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, William A. Whitledge, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellees.

Before SEITZ, HUNTER and MANSMANN, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

The respondent, Rogers Transportation, Inc. (the corporation), appeals from a final judgment of the district court imposing a coercive and continuing fine for civil contempt.

In 1984, the district court ordered the corporation to produce certain corporate records pursuant to a summons served on it by the Internal Revenue Service. The corporation appealed and this court affirmed. *United States v. Rogers Transp., Inc.,* 787 F.2d 585 (3d Cir. 1986). The corporation, nevertheless, did not comply with the summons even though the Internal Revenue Service permitted it to choose any representative it wished to produce such records. The district court thereupon entered an order directing the corporation to show cause why it should not be held in contempt.

At the contempt hearing the corporation filed an answer and an affidavit of its special counsel in response to the show cause order. That affidavit recited that the affiant had been employed by the corporation as special counsel for the purpose of locating the records and thereafter complying with the summons. He stated in substance that, upon inquiry of certain of the employees of the corporation and its independent accountant, he found none who knew where the documents were. He further stated that the president and sole stockholder, Mr. Rogers, declined to talk with him but referred him to his personal

counsel who advised him that Mr. Rogers would not assist him and, in fact, would invoke his fifth amendment privilege. The corporation also relied on a copy of a letter its counsel sent to the government setting forth earlier efforts to obtain the records.

The government introduced transcripts of Special Agent Hammond's questioning of two immunized employees of the corporation that took place in 1984. They were the bookkeeper and the office manager, both of whom were later interviewed by the special counsel. They testified that Rogers had instructed them to gather the corporate records called for by the summons and box them. They did as instructed and left them on the office manager's desk on Friday. When they returned to work on Monday the records were gone.

The corporation's counsel argued at the hearing in the district court that its evidence demonstrated that the corporation did all it could to produce its records and it should, therefore, not be held in contempt. At the conclusion of the hearing, the district court ruled that the corporation had not sustained its burden of proving that it had taken all reasonable steps to satisfy the court's production order. In consequence, it entered the contempt order now on appeal.

We shall assume that our standard of review is plenary since the district court determined that the corporation's undisputed showing was factually insufficient to sustain its burden.

Preliminarily, we feel compelled to say that the bizarre nature of the inquiry in the present context is not lost upon us.

■ We note, initially, that the corporation was not free to argue at the contempt hearing that the records were not in the possession of the corporation at the time the district court entered its enforcement order. *United States v. Rylander*, 460 U.S. 752, 757, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521 (1983). Thus, the corporation was limited to asserting at the contempt

hearing that it did not then have an ability to comply. *Maggio v. Zeitz*, 333 U.S. 56, 75–77, 68 S.Ct. 401, 411–412, 92 L.Ed. 476 (1948). We turn to the issue of whether the corporation sustained its burden in that regard.

■ Counsel for the corporation did not demonstrate at the contempt hearing that the records did not then exist or were not in at least the constructive possession of its sole stockholder and principal corporate official. Rather, he[1] argued that the corporation proved that it did all it could and therefore should not have been held in contempt. The clear implication of this argument in the present context is that the corporation's obligation to obey such a court order turns on the whim of its principal executive.

We believe that a one person corporation does not demonstrate an inability to comply when it does not prove the non-existence of its duly summoned records or other recognized bases for unavailability and is given the choice of the person to deliver them. Any other determination in these circumstances would dilute the firmly established principle that the self-incrimination defense is not available to a corporation, even a so-called one person corporation. *In Re: Grand Jury Matter (James Gilbert Brown)*, 768 F.2d 525, 528–529 (3d Cir. 1985) (in banc). Legal process is not so readily nullified.

We conclude that the district court correctly decided that the corporation did not, under the circumstances, discharge its burden of demonstrating that its failure to obey the summons was justified. It, therefore, properly found the corporation in contempt.[2]

The order of the district court will be affirmed and the mandate shall issue forthwith.

---

1. "The voice is Jacob's voice, but the hands are the hands of Esau." Genesis 27:22

2. We need not consider what other enforcement remedies may be available to the Service.