**UNITED STATES of America and Amy F. Zelnik, Special Agent, Internal Revenue Service, Appellees,**

v.

**MUNICIPAL BOND AND COLLECTION SERVICES, INC., Appellant.**

No. 86–1340.

United States Court of Appeals, Third Circuit.

Submitted Pursuant To Third Circuit Rule 12(6) Dec. 2, 1986.

Decided Jan. 20, 1987.

Howard Philip Newman, Langhorne, Pa., for appellant.

Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, James H. Love, Dept. of Justice, Tax Div., Washington, D.C., for appellees; Edward S.G. Dennis, Jr., U.S. Atty., of counsel.

Before ALDISERT, Chief Judge, and WEIS, Circuit Judge, and FISHER,* District Judge.

**OPINION OF THE COURT**

WEIS, Circuit Judge.

A corporation has appealed an order to produce its records in compliance with an

* The Honorable Clarkson S. Fisher, Chief Judge, United States District Court for the District of New Jersey, sitting by designation.

IRS summons issued in connection with an investigation of the company's president. He is also the self-designated custodian of the company's books. The custodian is not named as an appellant on the notice of appeal; consequently, we do not review his complaint about the scope of immunity granted by the district court to cover the act of production. Finding no prejudice to the corporation itself, we will affirm the order of the district court.

After a hearing, the district court directed Municipal Bond and Collection Services, Inc. ("Municipal") to comply with an IRS summons. Some documents were produced, but the corporation has resisted the court's order to turn over other records. The IRS has begun contempt proceedings in the district court and concedes that this case is not moot.

Jeffrey Prusan, president and stockholder of Municipal, is the target of a criminal investigation for tax fraud. As part of its inquiry, the IRS issued a summons addressed to the "Custodian of Records, Municipal Bond and Collection Services, Inc." When the corporation failed to comply, the government filed a complaint in the district court to enforce the summons.

At the hearing, the lawyer retained by Municipal also represented Prusan. Counsel maintained that Prusan was custodian of Municipal's records and argued that production might incriminate him.

The IRS's attorney stipulated that the government would not use the act of production as evidence in any criminal proceeding against Prusan. His counsel argued that this immunity would not suffice because, even if Prusan did not personally hand over the records, he would be required to furnish information to the person designated to do so. Prusan contended that compelling him to serve as a link in the chain of evidence required that he be given "derivative immunity" for the act of production.

Counsel proffered that Prusan's testimony would establish that his duties require him to control and prepare the corporate records, as well as oversee their physical custody. At that point, the district judge said, "As I understand it, the government is agreeing that it will not use this evidence for any purpose whatsoever outside of this case." The IRS attorney responded, "That's correct, Your Honor." Prusan's lawyer then asked for "a formal judicial order of immunity, both use and derivative." The court announced that "use immunity is hereby granted in respect to testimony to substantiate the offer of proof as to custodian duties."

After Prusan had testified within the terms of the proffer, the IRS attorney asked how long Prusan had acted as custodian. Defense counsel objected, and the court ruled, "The witness is granted immunity as to any of his testimony today." Prusan insisted that he personally kept the records under lock and key, even though he had signed an IRS form stating that Allen Massey, Municipal's office manager, maintained the books and records. Prusan also acknowledged that Barry Arno, the other Municipal stockholder, participated in the day-to-day operation of the company but had no record-keeping responsibilities. Arno obtained access to the corporate documents only after securing a key from Prusan.

The district court directed that the business records be produced and specified in its order that:

> "the testimony of Jeffrey Prusan to attempt to establish his custodial responsibilities shall not be used against him in a criminal case; and it is finally ordered that the [act of] production by the defendant shall not be used as evidence against Jeffrey Prusan in any later proceeding."

Municipal alone has appealed. We have jurisdiction over its appeal. *Reisman v. Caplin*, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964); 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 110.-13[2](2) (2d ed. 1986).

Municipal contends that the district court erred in denying the request of Prusan for "derivative use immunity" with respect to

48

the testimony given and records produced. Municipal also asserts that the immunity order should have been issued in conformity with 18 U.S.C. §§ 6002, 6003.

The appeal thus centers on questions of immunity—first, whether Prusan received protection adequate to satisfy constitutional standards, and second, whether the grant was invalid for lack of compliance with the statutory provisions. By way of relief, Municipal urges that the district court order be reversed and the records be returned to the corporation.

The record in this case is quite confused. There has been a conspicuous failure to distinguish between Prusan's personal right against self-incrimination and the corporation's obligation to produce the records in accordance with what is conceded to be a valid summons.

■ Prusan was not a party to the proceedings in the district court. He did not move to intervene, and more significantly, did not appeal the order of the district court granting immunity. Consequently, because Prusan is not an appellant, this court cannot consider his personal complaints about the adequacy of the district court's orders. Fed.R.App.P. 3(c); *Farley Transp. Co. v. Santa Fe Trail Transp. Co.*, 778 F.2d 1365, 1370 (9th Cir.1985). *Cf. Samuel v. University of Pittsburgh*, 506 F.2d 355, 356–57 n. 1 (3d Cir.1974); 16 C. Wright & A. Miller, *Federal Practice and Procedure* § 3949 (2d ed. 1986); 9 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 203.17 (2d ed. 1985).

Even if Prusan had become a party, he would still face the same problem. As the Supreme Court said, "status as a 'party' does not equate with status as an appellant. To appear before the Court as an appellant, a party must file a notice of appeal, the statutory prerequisite to invoking this Court's jurisdiction." *Diamond v. Charles*, — U.S. —, —, 106 S.Ct. 1697, 1704, 90 L.Ed.2d 48 (1986).

■ The question then arises whether the corporation may assert Prusan's constitutional rights on either his or its own behalf. The law is clear that the corporation has no Fifth Amendment privilege with respect to the contents of its records. *See In re Grand Jury Subpoenas Duces Tecum*, 722 F.2d 981 (2d Cir.1983) (discussing the rights of a corporation and its officers with respect to business records). *See also In re Grand Jury Matter (Appeal of Brown)*, 768 F.2d 525 (3d Cir.1985). Municipal, therefore, has no right to refuse examination of the documents demanded by the summons.

If the records are not produced, however, the corporation runs the risk of being held in contempt. On that theory, Municipal may have a stake in a court order that realistically would prevent compliance with the IRS summons. Phrased differently, if because of inadequate immunity Prusan refused to testify, and a contempt citation against the corporation resulted, then Municipal would genuinely be concerned with the outcome of this appeal.

■ For several reasons, however, that is not the situation here. Municipal does not dispute that individuals other than Prusan can produce the records. At least one other stockholder and several other employees could perform that function. *See United States v. Rogers Transp., Inc.*, 793 F.2d 557 (3d Cir.1986). *Cf. Rogers Transp., Inc. v. Stern*, 763 F.2d 165 (3d Cir.1985). It is important here, too, that the subpoena is addressed to the custodian of the corporation's records and does not name Prusan individually, or as custodian, or as an officer of the corporation. *See In re Grand Jury Proceedings (Appeal of Morganstern)*, 771 F.2d 143, 148 (6th Cir. 1985), *cert. denied*, — U.S. —, 106 S.Ct. 594, 88 L.Ed.2d 574 (1985); *In re Two Grand Jury Subpoenae Duces Tecum*, 769 F.2d 52, 55 (2d Cir.1985). *Cf. United States v. Doe*, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984).[1]

1. The Court of Appeals for the Eighth Circuit held that the "act of production" doctrine did not apply to a former corporate officer of a defunct corporation. *In re Grand Jury Subpoena (85–W–71–5)*, 784 F.2d 857 (8th Cir.1986). The Supreme Court granted certiorari in *See v.*

Factually, Prusan is not an indispensable courier between the corporation and the IRS. Hence, on this record Municipal can point to no actual obstacle that would prevent production in keeping with the district judge's order. Prusan's personal dissatisfaction with the court's directive presents no legal hindrance to Municipal's obedience.

The district judge, moreover, ordered immunity for Prusan in connection with the act of producing the records and for his testimony detailing his custodial duties— duties, incidentally, that the corporation could legally transfer to another individual. The IRS has stated unequivocally that it had no objection to that order and, in fact, concurred in it. At this point, no controversy exists over the use immunity the district court granted, and we need not pass on the applicability of 18 U.S.C. §§ 6002, 6003. *See Pillsbury Co. v. Conboy,* 459 U.S. 248, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983); *United States v. Herman,* 589 F.2d 1191 (3d Cir.1978), *cert. denied,* 441 U.S. 913, 99 S.Ct. 2014, 60 L.Ed.2d 386 (1979). *But cf. Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *United States v. Perry,* 788 F.2d 100 (3d Cir.1986); *Government of Virgin Islands v. Smith,* 615 F.2d 964 (3d Cir. 1980); *In re Grand Jury Proceedings, (Appeal of Morganstern),* 771 F.2d at 143.

The contention that the court should have granted "derivative immunity" is simply an effort to extend immunity to the contents of the records. The argument has no merit. Municipal's witness, furthermore, waived any such position when he testified under the grant of the less expansive use immunity.

Consequently, we conclude that in the circumstance of this case, the corporation has no rights of its own that it can assert against the district court's order granting immunity to Prusan.

Nor have we been shown sufficient reason to deviate from the settled rule against permitting a party to assert the constitutional rights of another person. A party

" 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.' " *Secretary of State of Maryland v. Joseph H. Munson Co.,* 467 U.S. 947, 955, 104 S.Ct. 2839, 2846, 81 L.Ed.2d 786 (1984), quoting *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975), and citing *United States v. Raines,* 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960); *Barrows v. Jackson,* 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953) and *Tileston v. Ullman,* 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943).

Only in "exceptional situations a concededly injured party may rely on the constitutional rights of a third party in obtaining relief." *Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 166, 92 S.Ct. 1965, 1968, 32 L.Ed.2d 627 (1972). Exceptions to the jus tertii rule have been found in cases quite dissimilar to the one posed here. *See generally Hetherton v. Sears, Roebuck & Co.,* 652 F.2d 1152, 1160–65 (3d Cir.1981) (Weis, J., dissenting). However, none of the recognized exceptions apply here.

"Where practical obstacles prevent a party from asserting rights on behalf of itself, for example, the Court has recognized the doctrine of *jus tertii* standing." *Munson Co.,* 467 U.S. at 956, 104 S.Ct. at 2847. In deciding whether to apply this prudential standard, the Supreme Court has considered the "ability of the third party to assert his own right. Even where the relationship is close, the reasons for requiring persons to assert their own rights will generally still apply." *Singleton v. Wulff,* 428 U.S. 106, 115–16, 96 S.Ct. 2868, 2874–75, 49 L.Ed.2d 826 (1976). In the case at hand, Prusan could have easily asserted his own rights by appropriate procedural means.

In *California Bankers Ass'n v. Shultz,* 416 U.S. 21, 49–51, 94 S.Ct. 1494, 1511–12, 39 L.Ed.2d 812 (1974), the Court refused to allow banks to strengthen their claims by asserting the rights of third-party depositors who had been served with IRS summonses. On the record presented here, the issue does not invoke broad constitutional policy, nor are the interests of Municipal

*United States,* — U.S. —, 107 S.Ct. 59, 93    L.Ed.2d 18 (1986).

and Prusan in this particular setting so intertwined that relaxation of the general prohibition against assertion of third party rights is justified.

The corporation actually has little interest in the dispute here except for some minor inconvenience in transmitting documents to the IRS. Municipal is not threatened with criminal action or indeed even a tax deficiency. Prusan alone has much at stake here and the threatened consequences apply to him personally, not to the corporation. It is he, not Municipal, who faces possible criminal prosecution and additional tax assessments.

We see no justification for allowing Municipal to borrow Prusan's troubles in order to secure appellate review for him. "[Article III] requires an 'injury in fact' that distinguishes a 'person with a direct stake in the outcome of a litigation—even though small—from a person with a mere interest in the problem.'" *Diamond v. Charles,* —— U.S. at ——, 106 S.Ct. at 1706. *See also* Sedler, *The Assertion of Constitutional Jus Tertii: A Substantive Approach,* 70 Calif.L.Rev. 1308 (1982).

Accordingly, we conclude that the appellant Municipal has not demonstrated any error pertinent to it in the district court's ruling. Consequently, the order of the district court will be affirmed.