UNITED STATES of America

v.

HALLSIMS INDUSTRIAL COMPO-NENTS, Ronald G. Sims and Edward Hall.

Civ. A. No. 87–3650.

United States District Court, E.D. Pennsylvania.

Dec. 16, 1987.

Virginia Gibson–Mason, Asst. U.S. Atty., Philadelphia, Pa., for the U.S.

Thomas Colas Carroll, Philadelphia, Pa., for defendant.

## MEMORANDUM

JOSEPH S. LORD, III, Senior District Judge.

The Inspector General of the Department of Defense filed a complaint to enforce a subpoena duces tecum. For the reasons that follow, defendant Hallsims will be ordered to comply with the subpoena.

### I.

On August 31, 1978 the Inspector General served a subpoena duces tecum addressed to the "Custodian of Records, Hallsims Industrial Components, Inc.," and a subpoena duces tecum addressed to the "Custodian of Records, Hallsims Industrial Components, a Partnership." [1] The subpoenae seek records relating to contract # DLA 500–84–C–1962 between Hallsims and the Department of Defense, and had a return date of September 10, 1987. The return date passed without response. At a show cause hearing, individual defendants

Ronald G. Sims ("Sims") and Edward Hall ("Hall"), through counsel, asserted that they are the custodians of the subpoenaed records, and that the act of producing these documents would tend to incriminate them. After the hearing, the parties unsuccessfully attempted to reach agreement on a stipulation stating that the act of producing certain identified documents requested in the subpoena [2] would tend to incriminate Sims and Hall. Sims and Hall now request leave to file *ex parte* affidavits in support of their claims that they are the *de facto* custodians of the documents and that the act of production would tend to incriminate. The government, apparently having conceded that the act of production of at least some of the requested documents would tend to incriminate, seeks an order requiring the corporation to appoint a new custodian to comply with the subpoena. Defendants argue that it is improper to order the corporation to appoint a new agent, and that such an order would "force the *de facto* custodians to do in the presence of the designated agent what they cannot be compelled to do in the presence of the federal agent ... make communications and the act of production."

### II.

█ In this circuit, the custodian of corporate records may assert a personal fifth amendment right if the act of production itself would provide testimonial evidence tending to incriminate him. *In re Grand Jury Matter (Brown)*, 768 F.2d 525 (3d Cir.1985).[3] Thus, Hall and Sims, as corpo-

---

1. The original complaint sought enforcement of subpoenae served on March 13, 1987. By stipulation, the complaint is deemed amended to seek enforcement of the August 31, 1987 subpoenae.

2. As it appears that defendant Hallsims is now a corporation, and not a partnership, I shall discuss hereafter only the subpoena addressed to the corporate entity.

3. I note that the circuits have split on the question of whether a corporate custodian of records is protected by the act of production doctrine. *See, e.g., In re Sealed Case*, 832 F.2d 1268 (D.C.Cir.1987) (endorsing *Brown* analysis); *In re Grand Jury No. 86–03 (Will Roberts Corp.)*, 816 F.2d 569 (11th Cir.1987) (explicitly rejecting

*Brown* analysis, and finding Judge Becker's concurring opinion in *Brown* "most persuasive"); *In re Two Grand Jury Subpoenae Duces Tecum*, 769 F.2d 52 (2d Cir.1985) (normally, corporate custodian may not invoke act of production doctrine; in limited circumstances where individual has valid fifth amendment right, the corporation must comply with the subpoena through another person); *United States v. Lang*, 792 F.2d 1235 (4th Cir.), *cert. denied*, — U.S. ——, 107 S.Ct. 574, 93 L.Ed.2d 578 (1986) (same); *In re Grand Jury Proceedings (Morganstern)*, 771 F.2d 143 (6th Cir.) (en banc) *cert. denied*, 474 U.S. 1033, 106 S.Ct. 594, 88 L.Ed.2d 574 (1985) (corporate custodian may not invoke fifth amendment privilege); *In re Grand Jury Subpoena (Lincoln)*, 767 F.2d 1130 (5th Cir.

rate custodians, may be able to invoke successfully a personal fifth amendment defense to enforcement of the subpoena. However, this does not answer the question whether the corporation may be ordered to appoint another custodian.

Although no controlling precedent is directly on point, review of several recent Third Circuit cases suggests that it is not improper to order the corporation to appoint an agent to produce the documents.

In *United States v. Municipal Bond & Coll. Services*, 810 F.2d 46 (3d Cir.1987), the IRS issued a summons to appellant's "Custodian of Records," in connection with an investigation of the company's president, Prusan. Prusan was the custodian, and received use immunity. On appeal, the corporation challenged the district court's failure to accord Prusan derivative immunity. The court noted that several individuals other than Prusan could have produced the documents, *id.* at 48, that the corporation could not assert Prusan's constitutional rights, *id.* at 49, and that the corporation had no fifth amendment rights of its own to assert against the granting of immunity to Prusan. *Id.* at 49. Notwithstanding any rights Prusan might have, the court concluded that the corporation "has no right to refuse examination of the documents demanded by the subpoena." *Id.* at 48.

In *United States v. Rogers Transp., Inc.*, 793 F.2d 557 (3d Cir.1986), the district court ordered the corporation to produce records in response to a subpoena. The corporation was permitted to choose any representative it wished to produce such records, but did not produce the documents. At a contempt hearing, the special counsel employed by the corporation to locate the records and comply with the subpoena stated that the corporation's president and sole stockholder, Rogers, refused to speak with or otherwise assist special counsel. Special counsel was advised that Rogers would invoke his fifth amendment privilege. No other employee

knew where the records were. The corporation argued that it did all it could to comply with the subpoena, and should not be held in contempt.

The court rejected this argument. "Any other determination in these circumstances would dilute the firmly established principle that the self-incrimination defense is not available to a corporation, even a so-called one person corporation." *Rogers*, 793 F.2d at 558. Accepting the corporation's argument would mean that "the corporation's obligation to obey such a court order turns on the whim of its principal executive." *Id.* *Rogers* rejects the notion that the custodian's fifth amendment rights can shield the corporation from complying with the subpoena.

The distinction between serving a subpoena on an unnamed custodian, as opposed to a named individual, was highlighted in *Matter of Special Federal Grand Jury*, 819 F.2d 56 (3d Cir.1987). In that case, the court noted

The district court ordered *appellant* [an individual] to produce the documents sought. *Compare United States v. Municipal Bond & Coll. Services, Inc.*, 810 F.2d 46, 48–49 (3d Cir.1987), and *United States v. Rogers Transp., Inc.*, 793 F.2d 557, 558 (3d Cir.1986), in which corporations were ordered to comply with subpoenas that permitted any representative of the corporation to produce the records sought. Nothing that we say today forecloses the government from pursuing that approach. Nor is it foreclosed from pursuing its earlier suggestion in this case that another agent be appointed to produce the records.

*Id.*, 819 F.2d at 57 n. 1 (emphasis in original). There is no intimation that it is improper to order the corporation to appoint a special agent to produce the documents.

 My decision that it is appropriate to order the corporation to appoint another agent to comply with the subpoena is buttressed by decisions in other circuits. In *In re Sealed Case*, 832 F.2d 1268 (D.C.Cir.

1985) (same); *United States v. Malis*, 737 F.2d 1511 (9th Cir.1984) (same); *In re Grand Jury Proceedings (Vargas)*, 727 F.2d 941 (10th Cir.), *cert. denied*, 469 U.S. 819, 105 S.Ct. 90, 83 L.Ed. 2d 37 (1984) (same).

1987), the court adopted the *Brown* analysis. In *dicta,* the court stated that

> Permitting a custodian to invoke the Fifth Amendment to decline to produce such documents himself would not keep them from the prosecutor's hands because collective entities, having *no* privilege of their own, would have to comply with a subpoena addressed *to them* by finding *someone* to produce whatever records were sought. Thus, even when the "act-of-production" doctrine is extended to representatives of collective entities, the collective-entity exception to the Fifth Amendment privilege retains its vitality and accomplishes the purposes for which it was created.... Because a collective entity possesses no Fifth Amendment privilege, the companies could not refuse to produce subpoenaed documents on the ground that those documents or the act of producing them would subject them or any natural person to criminal liability.

*Id.,* at 1278, 1282 (emphasis in original). The Second Circuit, which similarly permits a corporate custodian to invoke the act of production doctrine, has also reached this result.

> [Even where] a corporation's custodian of records would incriminate himself if he were to act to produce the company's records, this still does not relieve the corporation of its continuing obligation to produce the subpoenaed documents. In such a situation the corporation must appoint some other employee to produce the records, and if no existing employee could produce records without incriminating himself by such an act, then the corporation may be required to produce the records by supplying an entirely new agent who has no previous connection with the corporation.... There simply is no situation in which the fifth amendment would prevent a corporation from producing corporate records, for the corporation itself has no fifth amendment privilege.

*In re Two Grand Jury Subpoenae Duces Tecum,* 769 F.2d 52, 57 (2d Cir.1985) (citations omitted). *See also United States v. Barth,* 745 F.2d 184, 189 (2d Cir.1984), *cert. denied,* 470 U.S. 1004, 105 S.Ct. 1356, 84 L.Ed.2d 378 (1985); *In re Grand Jury Subpoenaes Duces Tecum,* 722 F.2d 981, 986 (2d Cir.1983). *Accord, United States v. Lang,* 792 F.2d 1235 (4th Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 574, 93 L.Ed.2d 578 (1986).

Finally, in *In re Grand Jury No. 86–03 (Will Roberts Corporation),* 816 F.2d 569 (11th Cir.1987) ("*Roberts*"), the custodian of a corporation was subpoenaed. Appellant, the president and sole shareholder of the corporation, refused to produce requested documents, or appoint an agent to produce the documents, and was held in contempt. The court held that even if the act of production would have incriminated appellant, "the corporation nevertheless must produce the documents via some other agent; failure to appoint such an agent is a proper ground to hold the corporation in contempt." *Roberts,* 816 F.2d at 570. The court emphasized that "no situation exists in which the corporation is prevented from producing corporate records." *Id.*[4]

### III.

■ It appears that the individual defendants possess the requested documents, and are the principals of the corporation. Defendants argue that ordering the corporation to appoint a new agent "would be to force [individual defendants] to do in the presence of the designated agent what they cannot be compelled to do in the presence of the federal agent [,that is,] to make communications and the act of production." This argument is not persuasive. "In fifth amendment terms, having to appoint an agent, while compelled, is not testimonial and therefore does not implicate the fifth amendment. Furthermore, a corporate representative—even the corporation's sole representative—does not commit a testimonial act by providing general corporate

---

**4.** Defendants correctly point out that *Roberts* rejects *Brown.* However, this disagreement goes to the fifth amendment rights corporate custodians possess, and not to whether a corporation may be ordered to appoint an agent to comply with a lawful subpoena.

records to an agent selected by the corporation." *Roberts*, 816 F.2d at 574.

For the above reasons, the corporation will be ordered to comply with the subpoena that was properly served on it. An appropriate order follows.