CARDINAL-FRANKLIN COLLECTIONS, LTD v DEPARTMENT OF
LICENSING AND REGULATION

Docket No. 105312. Submitted December 21, 1988, at Lansing. Decided March 28, 1989. Leave to appeal applied for.

    Dr. Sidney H. Grossberg, the executive director of Counseling Associates, Inc., filed a formal complaint against Cardinal-Franklin Collections, Ltd., with the Department of Licensing and Regulation, complaining that Counseling Associates, Inc., had not been able to obtain a status report on its accounts sent to Cardinal-Franklin for collection. The department, in order to audit Cardinal-Franklin's records, obtained a subpoena duces tecum from the Ingham Circuit Court ordering Cardinal-Franklin to produce all records pertaining to all trust accounts held by the company. Cardinal Franklin filed a petition to quash the subpoena, arguing that the subpoena was overbroad and exceeded the department's statutory authority to subpoena records. The court, Thomas L. Brown, J., agreed and ordered the department to return all of Cardinal-Franklin's records except those pertaining to the accounts of Counseling Associates, Inc. The department appealed.

    The Court of Appeals *held:*

    1. The trial court erred by partially quashing its subpoena for all records pertaining to all trust accounts held by Cardinal-Franklin. The department's investigative powers are not limited to investigation of allegations contained in a specific complaint, and while the subpoena may have been overbroad with regard to Dr. Grossberg's complaint, it was not overbroad with regard to an audit of Cardinal-Franklin's books pursuant to the department's statutory authority to conduct audits.

    2. The fact that Cardinal-Franklin had been automatically dissolved as a corporation for failure to file annual reports did not deprive Cardinal-Franklin of standing to file a petition to

REFERENCES

Am Jur 2d, Corporations §§ 333 *et seq.*

Persons liable under statutes imposing, upon directors, officers, or trustees of a corporation, personal liablity for its debts on account of their failure to file or publish reports, required by law, as to corporate matters. 39 ALR3d 428.

quash the subpoena. Subsequent compliance with statutory filing requirements will renew a previously dissolved corporate status and the rights of the corporation are the same as though a dissolution or revocation had not taken place. Cardinal-Franklin, after its automatic dissolution, complied with the statutory requirements, so its dissolution is treated as if it had not taken place. Cardinal-Franklin had standing to file the petition to quash the department's subpoena.

Reversed and remanded.

1. LICENSES — DEPARTMENT OF LICENSING AND REGULATION — COLLECTION AGENCIES — AUDITS — BOOKS, ACCOUNTS, AND RECORDS.

The Department of Licensing and Regulation's right to conduct an audit of a collection agency under § 910(5) of the Occupational Code should be broad when substantive allegations of a trust account violation are made by a proper party; when necessary, all the books, accounts, and records of a collection agency should be released to the department for the purpose of conducting an audit authorized by § 910(5) (MCL 399.910[5]; MSA 18.425[910][5]).

2. CORPORATIONS — ANNUAL REPORTS — FAILURE TO FILE ANNUAL REPORTS — AUTOMATIC DISSOLUTION — SUBSEQUENT COMPLIANCE.

Failure to file an annual report for over two years from the date on which the report was due will result in automatic dissolution of a corporation; however, subsequent compliance with statutory filing requirements will renew the previously dissolved corporate status; where a dissolved corporation regains corporate status upon subsequent compliance, the rights of the corporation shall be the same as though a dissolution or revocation had not taken place, and all contracts entered into and other rights acquired during the interval shall be valid and enforceable (MCL 450.1922[1], 450.1925; MSA 21.200[922][1], 21.200[925]).

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *Bernard F. Finn*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael A. Lockman* and *Joseph M. Binno,* Assistant Attorneys General, for respondent.

Before: MICHAEL J. KELLY, P.J., and GRIBBS and V. L. WASHINGTON,* JJ.

PER CURIAM. Appellant, Michigan Department of Licensing and Regulation, appeals from a circuit court order requiring it to return records belonging to appellee, Cardinal-Franklin Collections, Ltd.

In November of 1986, Dr. Sidney H. Grossberg, executive director of Counseling Associates, Inc., filed a formal complaint against Cardinal-Franklin with the department. Grossberg complained that Counseling Associates, Inc., had not been able to obtain a status report on its accounts sent to Cardinal-Franklin for collection. As a result of this complaint, the department began to investigate Cardinal-Franklin.

In July of 1987, the department attempted to audit Cardinal-Franklin's records pursuant to the statutory authority contained in MCL 339.910; MSA 18.425(910). These records were in the possession of Root Collection Service, Ltd., which was considering purchasing Cardinal-Franklin. Root turned these records over to the department. On July 30, 1987, the department filed a petition for the issuance of a subpoena duces tecum, which the circuit court granted. The subpoena provided that Cardinal-Franklin produce all records pertaining to all trust accounts held by the company and was not limited solely to the accounts of Counseling Associates, Inc.

Cardinal-Franklin filed a petition to quash the subpoena, arguing that the subpoena was overbroad and exceeded the department's statutory authority to subpoena records. The lower court, on December 9, 1987, reasoned that, because the department was engaged in an investigation of Dr.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Grossberg's complaint, a subpoena requesting all of Cardinal-Franklin's records was overbroad and had to be limited solely to records concerning the accounts of Counseling Associates, Inc. The court ordered the department to return all of Cardinal-Franklin's records, with the exception of those pertaining to the accounts of Counseling Associates, Inc.

The department appealed this order to return the records, raising two issues on appeal.

I

The department first argues that the trial court erred by partially quashing its subpoena for all records pertaining to all trust accounts held by Cardinal-Franklin. We agree.

Sections 502 and 503 of the Occupational Code give the department authority to initiate and investigate complaints and to subpoena books, papers, or documents pertaining to the investigation. MCL 339.502; MSA 18.425(502) and MCL 339.503; MSA 18.425(503). However, the department's investigative powers are not limited to investigation of allegations contained in a specific complaint. Section 910 of the Occupational Code provides:

> (2) A collection agency shall preserve the books, accounts, and records within the state, and make them or true copies of them accessible to the department for at least 3 years after making the final payment entry on an account recorded in those books, accounts, and records.
>
> * * *
>
> (5) Collection agency books, accounts, and records shall be audited by the department on a biennial basis or when determined necessary by the director. [MCL 399.910(2), (5); MSA 18.425(910)(2), (5).]

We note that § 910 of the code does not place significant restrictions on the department's ability to audit a collection agency's books or the methods that are used in conducting such an audit. The department's right to conduct an audit under § 910(5) should be broad when substantive allegations of a trust account violation are made by a proper party. When necessary, a collection agency's books, accounts, and records should be released to the department for the purpose of conducting an audit authorized by § 910(5).

Here the department requested the subpoena pursuant to § 503 of the Occupational Code in order to conduct an investigation and audit of Cardinal-Franklin, as authorized by §§ 502 and 910(5) of the code. Although the subpoena may have been overbroad with regard to Dr. Grossberg's complaint, it was not overbroad with regard to an audit of Cardinal-Franklin's books pursuant to § 910(5). The trial court erred by concluding that the department's subpoena was overbroad.

II

The department also argues that Cardinal-Franklin lacked standing to file a petition to quash the subpoena because it had been automatically dissolved as a corporation for failure to file annual reports. We disagree.

Failure to file an annual report for over two years from the date on which the report was due will result in automatic dissolution of a corporation. MCL 450.1922(1); MSA 21.200(922)(1). However, subsequent compliance with statutory filing requirements will renew the previously dissolved corporate status. MCL 450.1925; MSA 21.200(925). In the case where a dissolved corporation regains

corporate status upon subsequent compliance, "the rights of the corporation shall be the same as though a dissolution or revocation had not taken place, and all contracts entered into and other rights acquired during the interval shall be valid and enforceable." MCL 450.1925; MSA 21.200(925).

Cardinal-Franklin had been automatically dissolved for failure to file annual reports at the time it filed its petition to quash the department's subpoena. However, because of its subsequent compliance with the statutory requirements, this dissolution is treated as if it had not taken place, so Cardinal-Franklin's standing to file the petition was never in question. Cardinal-Franklin had standing to file the petition to quash the department's subpoena.

Reversed and remanded for further proceedings consistent with this opinion.