**UNITED STATES of America, Francis D. Falkowski, Assistant District Director of Investigations, Immigration and Naturalization Service, Petitioners–Appellees,**

v.

**Vito VAN, doing business as ADT Engineering, Inc., Respondent–Appellant.**

**No. 90–1834.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 14, 1991.

Decided April 30, 1991.

---

L. Michael Wicks, Asst. U.S. Atty. (argued), Stephen J. Markham, Detroit, Mich., for petitioners-appellees.

Dennis J. LeVasseur, James J. Walsh (argued), Bodman, Long & Dahling, Detroit, Mich., Donald S. Dobkin, Troy, Mich., for respondent-appellant.

Before NELSON and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.

SUHRHEINRICH, Circuit Judge.

In this expedited appeal respondent/appellant Vito Van appeals the district court's order enforcing a subpoena issued by the Immigration and Naturalization Service ("INS") on ADT Engineering, Inc. ("ADT")[1] to produce all employment records relating to employees hired on or after November 7, 1986. Because we conclude that Vito Van lacks standing to appeal, we DISMISS the appeal.

## FACTS

On January 3, 1990, petitioner/appellee Francis D. Falkowski, an INS assistant director for investigations, issued and served on ADT a subpoena directing ADT to appear on January 9, 1990, before INS Special Agent Joanne Hendricks in Detroit,

Michigan; and to provide the following documents:

ALL INS EMPLOYMENT ELIGIBILITY VERIFICATION FORMS (I–9), AND *ANY RELATING BOOKS, PAPERS, OR DOCUMENTS PERTAINING TO THE HIRING OF AND [SIC] ALL EMPLOYEES BY ADT ENGINEERING, INC.,* ON OR AFTER NOVEMBER 7, 1986, TO INCLUDE *BUT NOT LIMITED TO*: MASTER EMPLOYEE ROSTERS, PAYROLL RECORDS AND MESC FORM(S) 1017 FILED SINCE NOVEMBER 6, 1986, IRS FORMS 1099 ISSUED FOR THE YEARS 1988 AND 1989. (Emphasis added.)

The subpoena was issued pursuant to sections 235(a) of the Immigration and Naturalization Act of 1952 ("the Immigration Act"), and 1324a(e) of the Immigration Reform Control Act of 1986 (the "IRCA") to determine whether ADT was in compliance with the employment verification requirements of section 1324a(b) of the IRCA. *See* 8 U.S.C. § 1324a(b).

On January 9, 1990, an attorney for ADT appeared and indicated that ADT would refuse to produce the documents responsive to the subpoena unless an agreement preventing their disclosure to uninterested parties was entered. The INS advised ADT that it could not enter such an order because of its statutory obligations under the Freedom of Information Act 5 U.S.C. § 552. On February 1, 1990, ADT provided 51 separate I–9 forms to the INS, but refused to provide any further documents.

On February 23, 1990, the United States filed its petition to enforce the subpoena in the United States District Court for the Eastern District of Michigan.[2] "Vito Van d/b/a ADT Engineering, Inc. a dissolved corporation" was named as the respondent. The district court entered an order directing Vito Van to show cause why he should not be compelled to obey the subpoena.

Vito Van responded to the order to show cause on April 3, 1990. He argued that:

---

**1.** Vito Van is the president of ADT Engineering, Inc.

**2.** 8 U.S.C. § 1225(a) gives the district court within the jurisdiction in which the investigations are being conducted the authority to enforce a subpoena issued under this subsection.

(1) Because the government failed to name the correct party, ADT, to which the subpoena was directed, as a respondent, the government's petition should be dismissed pursuant to Rule 12(b)(7), Fed.R.Civ.P.; (2) the subpoena was not lawfully issued because it was issued by an immigration officer rather than an administrative law judge; (3) the subpoena was excessive; and (4) there was no provision by which the documents called for by the subpoena could remain confidential once disclosed to the INS. The United States filed a reply brief on April 5, 1990, in which it agreed to the entry of a protective order shielding confidential information of the employer from disclosure.

The district court conducted a hearing on April 10, 1990, and issued an opinion enforcing the INS subpoena on June 27, 1990. The district court rejected Vito Van's first three arguments, but indicated that it would enter protective order limiting the disclosure of non-public information to INS employees directly involved in the investigation. The parties disagree however as to whether that protective order was ever entered.

Vito Van d/b/a ADT Engineering, Inc., filed a notice of appeal on July 17, 1990, and also a motion for stay pending appeal. On September 20, 1990, the district court entered an order granting the motion for stay pending appeal. The government then moved for an expedited appeal before this court. That motion was granted on October 15, 1990.

On appeal Vito Van contends that the district court erred in finding that the subpoena was valid and enforceable; and further, in failing to enter the protective order.

## DISCUSSION

### A. *Jurisdiction*

An order of the district court enforcing a subpoena under 8 U.S.C. § 1225(a) is an appealable final order, *United States v. Vivian*, 217 F.2d 882 (7th Cir.1955).

### B. *Statutory Overview*

In 1986 Congress effected a major change in immigration law in the Immigration Reform and Control Act of 1986 ("IRCA"), Pub.L. No. 99–603, 100 Stat. 3359 (1986) (codified in various sections of Title 8 of the United States Code). The amendments reflect Congress' concern that the large influx of illegal aliens into the United States is due in part to the lure of jobs and that the employment of such aliens deprives many Americans (and other authorized workers) of jobs. *See* H.Rep. No. 99–682(I), 99th Cong., 2d Sess., *reprinted in* 1986 U.S.Code Cong. & Admin. News 5649, 5650–54. The IRCA makes it unlawful for any employer to knowingly hire an alien who is unauthorized to be employed in the United States or to knowingly continue to employ an alien whose employment is unauthorized. 8 U.S.C. § 1324a(a)(1), (2). Section 1324a sets out an employment verification system under which an employer executes an employment verification form ("I–9") for each employee hired after November 6, 1986 attesting, under penalty of perjury, that it has verified that the employee is not an unauthorized alien by examining documents showing identity and employment authorization. *Id.* at 1324a(b)(1). The employer must examine the documents within three business days of hire, and certify on the I–9 form that he has done so. *Id.* at 1324a(b)(1); 8 C.F.R. § 274a.2(b)(1)(ii). The employer is required to retain the I–9 form for three years, or for one year after the individual's employment terminates, whichever is later, and must make the form available for inspection by the INS on three days' notice. 8 U.S.C. § 1324a(b)(3); 8 C.F.R. § 274a2(b)(2).

The IRCA contains both civil and criminal penalties. 8 U.S.C. § 1324a(e), (f). The attorney general has express authorization to investigate violations of the IRCA. *Id.* at § 1324a(e). That duty has been delegated to the INS, 8 C.F.R. § 100 *et seq.*, which may impose civil penalties in the first instance. 8 U.S.C. § 1324a(e)(3)–(6); 8 C.F.R. § 274a.10(b). The INS initiates these proceedings by serving the employer with a notice of intent to fine; the employer may then request a hearing before an ALJ. 8

U.S.C. § 1324a(e)(3); 8 C.F.R. § 274a.9(c), (d). If the employer is dissatisfied with the administrative decision, he may obtain judicial review. 8 U.S.C. § 1324a(e)(7).

The provisions of immediate concern deal with the power to issue subpoenas. Section 1324a(e)(2) of the IRCA, which authorizes investigations of employer violations under the IRCA, states:

> (2) Authority in investigations.
>
> In conducting investigations and hearings under this subsection—
>
> (A) *immigration officers and administrative law judges shall have reasonable access to examine evidence of any person or entity being investigated,* and (B) *administrative law judges may, if necessary, compel by subpoena the attendance of witnesses and the production of evidence at any designated place or hearing.*
>
> In case of contumacy or refusal to obey a subpoena lawfully issued under this paragraph and upon application of the Attorney General, an appropriate district court of the United States may issue an order requiring compliance with such subpoena and any failure to obey such order may be punished by such court as a contempt thereof.

8 U.S.C. § 1324a(e) (emphasis added). Furthermore, under section 235(a) of the Immigration Act:

> The Attorney General and *any immigration officer,* including special inquiry officers, *shall have power to require by subpena the attendance and testimony of witnesses before immigration officers* and special inquiry officers and the production of books, papers, and documents relating to the privilege of any person to enter, reenter, reside in, or pass through the United States *or concerning any matter which is material and relevant to the enforcement of this chapter and the administration of the Service,* and to that end may invoke the aid of any court of the United States....

8 U.S.C. § 1225(a) (emphasis added).

Although section 235(a) appears in a part of the Immigration Act that describes the powers of INS agents on border patrol, the Supreme Court has held that the addition of the clause "or concerning any matter which is material and relevant to the enforcement of the Act" encompasses the full range of subjects covered by the statute. *See United States v. Minker,* 350 U.S. 179, 184–85, 76 S.Ct. 281, 285, 100 L.Ed. 185 (1956). In *Minker* the Supreme Court also held that section 1225(a) does not empower an immigration officer to subpoena a naturalized citizen who is the subject of an investigation by the INS to testify in an administrative proceeding before such officer. *Id.*

### C. *Standing*

■ Before we can address Vito Van's arguments on appeal we must consider an issue not raised by the parties, namely that of Vito Van's standing to appeal. Standing is a threshold inquiry that a court must consider prior to addressing the merits of an appeal. *T.H.E. Ins. Co. v. Naghtin,* 916 F.2d 1082, 1085 (6th Cir.1990); *Jaimes v. Toledo Metropolitan Housing Auth.,* 758 F.2d 1086, 1092 (6th Cir.1985) ("Even if no party to this appeal has raised the issue of standing, this court can and must address the issue on its own motion"). Article III of the United States Constitution requires that federal jurisdiction be limited to "cases" or "controversies." One aspect of that limitation is standing, which requires that a party have an actual injury or claim. *Naghtin,* 916 F.2d at 1084 (citing *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 476 n. 13, 102 S.Ct. 752, 760 n. 13, 70 L.Ed.2d 700 (1982)). In evaluating a party's standing the court must determine "whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant *his* invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Id.* (quoting *Warth v. Seldin,* 422 U.S. 490, 498–99, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975)). Standing may be a bar to an appeal even though a litigant had standing before the district court. *Id.*

■ The notice of appeal states that the proper party to this appeal is "Vito Van d/b/a ADT Engineering Inc." Thus, we must determine whether the named appellant has a personal stake in the outcome of the controversy before this court.

The answer to this question is complicated by the shifting legal status of the parties in this proceeding. The subpoena in this case is directed to "Personnel Manager–ADT Engineering Inc." Thus, to the extent Vito Van was implicated at the time the subpoena was issued, it was solely in his official capacity as a representative of the corporation. He was therefore clearly a "witness" under section 1225(a). However, when the INS petitioned the district court on February 23, 1990, to enforce the subpoena after ADT refused to comply, it presumably had discovered that ADT had been automatically dissolved as of May 15, 1989, pursuant to section 922(1), Act 284, Public Acts of 1972, as amended, Mich. Comp.Laws § 450.1922(1), because it named as respondent "Vito Van d/b/a ADT Engineering, Inc., a dissolved Michigan corporation." At that point, Vito Van had become the focus of the investigation since he had assumed responsibility for the corporation in his individual capacity. Thus, liability for alleged violations of the IRCA laws would have affected him personally.

On March 16, 1990, the corporate existence of ADT was renewed in accordance with the provisions of section 925, P.A. 284 of 1972, as amended, Mich. Comp. Laws Ann. § 450.1925. This section provides that a domestic corporation which has been dissolved under subsection (1) of section 922 may renew its corporate existence by filing reports and paying delinquent fees and penalties. The section further provides that upon filing the reports and payment of the fees and penalties, "the corporate existence or the certificate of authority is renewed." Subsection (2) of section 925 describes the effect of a renewal of corporate status: "[u]pon compliance with the provisions of this section, the rights of the corporation shall be the same as though a dissolution or revocation had not taken place...." Mich.Comp.Laws § 450.1925.

Once the corporate renewal became effective, ADT Engineering would have had standing to contest the government's petition to enforce the subpoena. *See Cardinal–Franklin Collection, Ltd. v. Dep't of Licensing and Regulation*, 177 Mich.App. 594, 599, 443 N.W.2d 176, *lv. den.*, 433 Mich. 910 (1989) (fact that corporation had been automatically dissolved did not deprive it of standing to file a petition to quash the subpoena since subsequent compliance with statutory filing requirements renewed corporate status as if dissolution had never taken place). Furthermore, once the corporation was reinstated, Vito Van was no longer liable in an individual capacity for any alleged employer violations of the IRCA.[3]

The district court in its order of June 27, 1990 enforcing the subpoena rejected Vito Van's argument set out in its responsive brief dated April 3, 1990 that he was the incorrect party, since as of March 16, 1990 the corporate existence of ADT had been renewed under section 450.1925, Mich. Comp.Laws. The district court accepted without discussion the government's argument that even though Vito Van may have subsequently corrected the corporate status of his company, "the government should be able to enforce its subpoena against ADT and Van, as its responsible corporate officer." (District Court Opinion at 3). Although the district court should have required the government to repetition the correct party, it is clear that the district court intended the subpoena to be enforceable as it was originally styled against the corporation. Vito Van is affected only insofar as he fills the shoes of the personnel manager or other responsible corporate officer.

---

3. At oral argument, Vito Van for the first time asserted that because he was the "focus" of the investigation, he could not in any event be subpoenaed under 8 U.S.C. § 1225(a). *See Minker*, 350 U.S. at 184–85, 76 S.Ct. at 285. This argument is without merit. Once ADT resumed active status, Vito Van was once again in the position of a "witness" for purposes of Section 1225(a).

Absent potential liability for IRCA violations, we must consider any alternative basis for standing. As a witness, Vito Van would have a personal stake in this appeal if he had invoked a personal fifth amendment privilege against self-incrimination. While Vito Van would have a tough row to hoe with such a claim, it would at least provide him with standing. *See Braswell v. United States*, 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988) (custodian of corporate records held not entitled to resist subpoena for records on ground that act of production would incriminate him in violation of the fifth amendment; standing implicit); *In re Grand Jury Proceedings (Morganstern)*, 771 F.2d 143 (6th Cir.) (en banc), *cert. denied*, 474 U.S. 1033, 106 S.Ct. 594, 88 L.Ed.2d 574 (1985) (holding that subpoena duces tecum requiring production of partnership or corporate records did not violate custodians' fifth amendment privilege against compulsory self-incrimination; standing implied). Nor could Vito Van have invoked the privilege on behalf of the corporation, since the privilege against self-incrimination is a personal, not a corporate right. *In re Grand Jury Proceedings*, 771 F.2d at 148.

At this juncture, Vito Van has nothing at stake by the enforcement of the subpoena. Liability for employer violations will run to the corporation, not Vito Van, and Vito Van has not asserted a claim which would give him a personal stake in the controversy. We therefore conclude that Vito Van no longer has standing to contest the district court's order enforcing the subpoena. Given this disposition, we need not address Vito Van's remaining arguments.

Accordingly, IT IS HEREBY ORDERED that respondent's appeal is DISMISSED for lack of standing.

WELLFORD, Senior Circuit Judge, concurring in part and dissenting in part:

In the district court's order of September 20, 1990, the court stated that its prior June 27, 1990 order "granted the INS' petition to enforce its subpoena that had been directed to ADT Engineering, Inc. (ADT)." In the latter order, the district court also made reference to "Van's employment records" and to *Van*'s motion for a stay pending appeal, which motion was granted because "Van has sufficiently satisfied" the tests. Reference also was made to enforcement of the subpoena in controversy "against Van," and therefore granted "*Van*'s Motion for a stay pending appeal."

"Vito Van, d/b/a ADT Engineering, Inc., respondent above named," filed a July 17, 1990 appeal from the district court's order that the INS subpoena "In re: ADT Engineering, Inc." was valid and enforceable. The subpoena dated January 3, 1990, was directed to ADT Engineering, Inc.'s personnel manager.[1] The petition to enforce, however, was filed on February 15, 1990, against "Vito Van d/b/a ADT Engineering, Inc., a dissolved Michigan corporation."

A February 23, 1990 motion for issuance to show cause with regard to issuance of the administrative subpoena was directed against Van, d/b/a ADT. The order to show cause against Van, d/b/a ADT, was entered March 2, 1990. A response was filed a month later pointing out that ADT was "a Michigan corporation in good standing," and admitting that a subpoena was served on ADT.[2]

Van's affidavit, filed with the response, indicated that he was president of ADT. The INS asserted before the district court that it "should be able to enforce the subpoena against ADT Engineering and Vito Van as its responsible *corporate* officer." J/A 70 (emphasis added). The government, however, did not appear to seek a remedy against Vito Van personally or individually apart from his position as president of that engineering entity. Respondent's attorney argued that "if Vito Van is the subject of an investigation, he is not a witness for purposes of Section 235." In the June 27th order, the district court began its discussion by stating that the INS

---

1. Respondent's attorney filed a notice of entry of appearance for ADT Engineering, Inc. after issuance of the subpoena.

2. There was evidence that ADT's corporate existence "was renewed on March 16."

was "investigating the Respondent, Vito Van, to determine whether his company, ADT Engineering, Inc." was in compliance with immigration laws. The district court held that the INS might enforce its subpoena "against ADT and Van, as its responsible corporate officer." [3]

The majority would dismiss the appeal for Van's lack of standing, although it acknowledges that the government should have been required to "repetition the correct party." The majority finds it clear that the government *intended* that the subpoena be enforced against the entity to which it was specifically directed—ADT—not Vito Van, who was "affected only insofar as he fills the shoes of the personnel manager."

I find the court's holding to be unduly technical as it relates to ADT, the corporate entity. While I agree that Van himself has no basis personally to contest the subpoena at this stage, I find that he is clearly acting here in the notice of appeal as corporate agent and its responsible officer on behalf of the corporation.

I would conclude, therefore, that ADT Engineering, Inc. is the real party in interest, the party sought to be served, and that it has presented substantial legal questions as to the INS' authority to subpoena all its records that the immigration officer seeks. The corporate defenses are certainly not limited in this controversy to fifth amendment self-incrimination claims.

The panel should have addressed, then, the respondent's contentions that the subpoena addressed to ADT was (1) "not lawfully issued"; (2) was "excessive"; and (3) constituted a fifth amendment proscribed "taking." The district court misspoke when it referred to Van's records and that it was Van's motion to stay enforcement of the subpoena. It was Van, but only on behalf of the corporation which regained good standing prior to the district court's decision, that sought the stay.

I dissent, therefore, from dismissing the appeal, including all the issues and contentions raised by ADT, on the basis of the

majority's holding that Van personally had no standing.

---

**3.** I believe the district court did not thereby indicate any intended enforcement against Van individually, nor as a proprietor, but rather *only* as corporate officer.